UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IN RE CORLAN ROMEL PHILLIPS CUSTODIANSHIP<br><br>Petitioner. | )<br>)<br>) No. 4:21-mc-00002-TWP-DML<br>) |

### ORDER DENYING MOTION FOR CONFERENCE ENTRY DISMISSING ACTION AND ORDER TO SHOW CAUSE

This matter is before the Court on *pro se* Petitioner Corlan Romel Phillips' ("Phillips") Motion for a Conference with the undersigned Chief Judge. (Dkt. 16). For the reasons discussed in this entry, the Motion is **denied.** In addition, his action is action is screened and **dismissed** for failure to state a claim.

### I.   Background

Phillips, a *pro se* litigant, initiated this action on July 19, 2021 by submitting a 21-page document containing, among other things, a Request for Payee Information and TIN Certifications (AO 213P); a notice from the Internal Revenue Service assigning an Employer Identification Number to "Corlan Romel Phillips Custodianship"; a document entitled "Declaration of Nominee Trust" which appears to designate the Custodianship as a trust with Phillip as trustee; and a Declaration of Trust Under the Uniform Indiana Custodial Trust Act providing that the United States Postal Service receive various assets (including "submersible vessel," "chemical parcel-tanker," and "first-class radiotelegraph operator's license") upon termination of the trust. The filing also contains several copies of Phillip's birth certificate. (Dkt. 1.)  Because the pleading violated numerous local rules (Local Rule 5- 1 requires a caption and title on the first page, and must include the name, complete address, telephone number and email address of the pro se litigant who files it) the Court advised Phillip that the filing would be stricken unless he cured the defects and

showed cause why the Court should not strike the pleading.  Mr. Phillips clarified with the clerk, that his request is for certification of records. Because that request had been granted. The Show Cause is discharged. (Dkt. 4).

Thereafter, Phillips proceeded to file eleven more documents, totaling 177 pages; including power of attorneys; more birth certificates; an "Estoppel Letter" directing the United States Treasury to wire $670,000,000,000.00 to Phillip; excerpts from legal treatises; Phillips' correspondence with the IRS; a document entitled "Abatement of Litigation" purporting to be an agreement between Phillips and the U.S. Treasury for payment of 670 billion dollars to Phillips, three copies of the Magna Carta, and miscellaneous news articles referencing 670 billion dollars in various contexts. (*See* Dkts. 3, 5, 7, 8, 9, 10, 11, 12, 13, 14, and 15).

## II.     Screening

It does not appear that Phillips paid a filing fee with this case, and the Court has not yet ordered him to do so. Regardless, the Court may screen the case under 28 U.S.C. § 1915(e)(2)(B). The statute provides, in relevant part, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; … fails to state a claim on which relief may be granted; or … seeks monetary relief against a defendant who is immune from such relief." In the Seventh Circuit, "district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Griffin v. Milwaukee Cnty.*, 369 Fed. App'x 741, 743 (7th Cir. 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)).

As described above, nowhere in any filing does Phillip appear to ask for relief from this Court or to bring a cognizable claim against any person. Although *pro se* filings are construed

liberally, *Taylor v. JP Morgan Chase Bank, N.A.*, 958 F.3d 556, 562 (7th Cir. 2020), the court must still be able to discern a cogent argument; it does not "fill the void" by "crafting legal arguments" for parties. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001). Phillip's filings, even construed liberally, fail to allege any plausible claim against any defendant. *See* Fed. R. Civ. P. 12(b)(6) and this action must therefore be dismissed.

### III.     Motion for Conference

On October 6, 2022, Phillips filed a letter requesting a conference with the undersigned Judge "to discuss another judge of this court's "conflict of interest and grounds for disqualification under Federal Rule of Civil Procedure Rule 53" in regard to case 4:22-cv-00096. (Dkt. 16.) He also asks to discuss the "compliance with the Code of Conduct and the fiduciary delegation, IRS 56 form" filed in the instance case. The Court advises Phillips that if he has complaints of judicial misconduct against a judge, they must be lodged with the Judicial Council of the Seventh Circuit Court of Appeals at the Everett McKinley Dirksen United States Courthouse 219 S. Dearborn Street, Chicago, IL 60604.  Any issues Phillips has related to documents he filed in this action should be raised by filing a document in this case explaining his concern and denoting the relief he requests. The Court finds that no conference with Phillip is necessary or appropriate. Phillips' request for a conference  (Dkt. 16) is therefore denied.

### IV.     Conclusion

For the reasons explained above, Phillips Motion seeking a conference with the undersigned Judge (Dkt. 16) is **DENIED**. Having screened Dkt. 1 and determined that this action should be **dismissed**, Phillip shall have through **Tuesday, November 22, 2022**, by which to show cause why judgment consistent with this Entry should not issue.  *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond

3

to an order to show cause, an applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If cause is not shown by the deadline, this matter will be **dismissed** and this action **closed.**

    **SO ORDERED.**

Date: 11/2/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

**CORLAN ROMEL PHILLIPS CUSTODIANSHIP**
303 East Court Ave. Ste 1056
Jeffersonville, IN 47131